520 P.2d 1127

**STATE of Arizona, Appellee,**

v.

**Raymond Junior SANDERS, Appellant.**

**No. 2802.**

Supreme Court of Arizona,
In Division.
April 10, 1974.

Ross P. Lee, Maricopa County Public Defender, Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

This is an appeal from a jury verdict and judgment of guilt of the crime of assault with a deadly weapon and a sentence of not less than thirty years nor more than fifty years in the Arizona State Prison.

The following are the pertinent facts of the case. On October 30, 1972 the defendant, Raymond Junior Sanders, entered the Busy Bee Cafe in Phoenix where he ordered a ham sandwich and a cup of coffee. After eating the meal, the defendant attempted to leave without paying for his meal. The waitress said to the defendant, "Hey, you didn't pay your ticket." The cook and part-owner of the restaurant took the ticket from the waitress and went after the defendant. He caught the defendant just outside the door of the restaurant and pulled the defendant back into the restaurant. The defendant then pulled a pocketknife and slashed the cook, superficially wounding him. A struggle ensued and the defendant was subdued by the cook with the assistance of a Phoenix policeman who was seated at the counter when the incident occurred. The police were summoned and the defendant was arrested and charged with assault with a deadly weapon.

The first question presented on review is whether the trial court's failure to hold a hearing concerning the defendant's competency to stand trial was reversible error. Upon motion of the defendant pursuant to A.R.S. § 13–1621, two medical examiners were appointed by the court to examine the defendant in order to determine whether he was competent to stand trial. Both doctors reported to the court that the defendant was competent to stand trial although he was suffering from mental illness. No hearing was held on the doctor's reports nor was an order made concerning the defendant's competency to stand trial made prior to the commencement of the trial. Approximately one month after the com-

Gary K. Nelson, Atty. Gen., R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

pletion of the trial a minute entry was made wherein the trial court judge wrote:

"The medical reports having been received and considered by the court,

"It is the finding of the court that the defendant herein was able to stand trial; assist his counsel; and understand the nature of the proceedings against him."

The medical reports received by the judge and the minute entry are not an adequate substitute for the hearing required by A.R.S. § 13–1621E. That section provides that after the examinations by the experts, the court shall hold a hearing to determine, on the basis of the expert testimony including the medical evaluations, and any other evidence, whether the defendant is competent to stand trial. The statute makes such a hearing mandatory. The failure to hold such a hearing even though not requested by the defendant was error. See State v. Hehman, 110 Ariz. 459, 520 P.2d 507 (1974). However such an error does not require that we reverse the judgment of guilt. The court below is directed to enter into the hearing required by A.R.S. § 13–1621E in order to determine whether the defendant was competent to stand trial and to proceed in accordance with the law as required under the circumstances.

Defendant also contends that it was error for the prosecutor to read a portion of the transcript dealing with the defendant's testimony to the jury in his closing argument. The prosecution stated that he resorted to reading the transcript in order to clarify the defendant's testimony which was difficult to understand. The counsel for the defendant objected to such a procedure on the grounds that the jury was capable of recalling the testimony inasmuch as the case was very short. The judge overruled the objection and the prosecutor proceeded to read from the transcript.

We fail to see how the defendant could be prejudiced by such a procedure. The fact that the trial was short and the testimony easily remembered would not alter the fact that the prosecutor's memory may

have been faulty and he wished to rely on the transcript. There was no error.

Defendant also contends that the trial court erred in failing to give an instruction on the lesser included offense of assault. Defendant appears to be arguing that whether or not the knife wielded by the defendant was a deadly weapon is a fact for the jury. In the event that the jury found that the knife was not a deadly weapon, then the defendant would have only been guilty of assault. Therefore, it is urged that it was error for the court to have failed to instruct the jury on assault.

A review of the transcript reveals that the jury was instructed that:

"An assault with a deadly weapon is an unlawful attempt, coupled with a present ability, to commit a physical injury on the person of another with a deadly weapon.

"A deadly weapon is an object, instrument, or weapon which is used in such a manner as to be capable of producing and likely to produce, death or great bodily injury.

"To constitute an assault with a deadly weapon, actual injury need not be caused. The necessary elements of the offense are the unlawful attempt to commit apphysical [sic] injury on the person of another by the use of a deadly weapon in that attempt, and the then present ability to accomplish the injury."

It is beyond cavil that the jury must have found that the knife was a deadly weapon. Moreover based upon the facts of the case the defendant was properly charged with assault with a deadly weapon and there was no necessity to instruct on the lesser offense where the defendant had used a knife in the attack and had caused bodily injury.

Defendant's final contention is that the sentence was excessive. We have repeatedly held that the trial court has wide discretion in passing sentence and that we will uphold the sentence if it is within the statutory limits unless there is a

clear abuse of discretion. The sentence in the instant case is within the statutory limits. Nor was there an abuse of discretion where the defendant had two prior felony convictions including one for aggravated assault and a long record of violence.

The trial court is directed to hold a hearing as required by A.R.S. § 13–1631(E). If it is established that appellant was able to understand the nature of the proceedings and assist counsel, the trial court shall make findings of fact, and the record together with said findings will be returned to this Court where the conviction will be affirmed if the evidence supports the findings.

Remanded with directions.

HAYS, C. J., and CAMERON, V. C. J., concur.