523 P.2d 60

**STATE of Arizona, Appellee,**

v.

**Stephen Wayne COOPER aka Steven William Cooper, Appellant.**

**No. 2869.**

Supreme Court of Arizona,
In Banc.

June 5, 1974.

Gary K. Nelson, Atty. Geun., Thomas A. Jacobs, Ast. Atty. Gen., Phoenix, for appellee.

Raymond W. Brown, Prescott, for appellant.

LOCKWOOD, Justice:

This is an appeal by defendant Stephen Wayne Cooper from a judgment of guilt and sentence imposed thereon after a guilty plea to a charge of voluntary manslaughter while armed with a deadly weapon and a sentence of not less than twenty years nor more than life. The plea of guilty was entered as a result of a plea bargain in which the original charges of murder and grand theft, auto, were dismissed and the defendant was allowed to plead guilty to the crime of manslaughter.

The record of this case reveals that the defendant made a homosexual advance to the driver of the car with whom the defendant had hitched a ride. After being rebuffed, the defendant flew into a rage

and hit the victim over the head with a metal bar and then slashed his throat with a pocket knife.

Because of the defendant's peculiar actions at the time of his court appearance on June 11, 1973, the presiding judge directed that a petition for examination of the defendant's mental condition be prepared. As a result, the defendant was examined by two court appointed doctors.

Subsequently, on July 27, 1973, a hearing was conducted in compliance with the criteria of A.R.S. § 13–1621 in order to determine whether the defendant was competent to stand trial. Both psychiatrists concluded that the defendant was able to understand the nature of the proceedings against him and assist in his own defense. The matter was taken under advisement by the presiding judge. On August 23, 1973 a petition was filed by defense counsel requesting that the defendant be re-examined and that the defendant be ordered to the Arizona State Hospital for a period of not less than one week in order that there be adequate time for examination and observation. On September 12, 1973, the judge entered an order denying the petition for re-examination and finding the defendant competent to stand trial.

On appeal the defendant contends that it was an abuse of discretion for the trial court judge to deny the defendant's petition for re-examination. The record reveals that both psychiatrists examined the defendant at the same time. The total interview lasted approximately one hour and fifteen minutes. In addition to the interview the doctors were provided with background information provided by the county probation officer. Based upon the interview and the background material, the doctors concluded that although the defendant suffered from schizophrenia, he was legally competent to stand trial.

During the hearing, it was brought out that the defendant had been treated with Thorazine, a tranquilizer used in the treatment of schizophrenics while he was being held in the county jail. The testimony indicates that because of such treatment, the defendant's mental state would more nearly be normal. In addition the psychiatrist testified that he would recommend that the defendant be sent to the Arizona State Hospital for additional treatment and observation.

Based upon the foregoing, the defense counsel petitioned the court for an additional mental examination. While it is true that such treatment would have benefitted the defendant and possibly improved his condition, the fact remains that the defendant was at that time able to understand the nature of the proceedings against him and assist with his own defense. Furthermore there is no provision in the statutes for a second mental examination. Under these conditions we do not believe that the denial of defendant's petition for a second mental examination was an abuse of discretion.

The only other issue raised by the defendant is that the sentence imposed of from twenty years to life, was so excessive as to constitute an abuse of discretion. The statutory range of the penalty was from five years to life. It is clear that the sentence imposed falls within the statutory limits. We can find no abuse of discretion which would warrant our disturbing the sentence imposed by the trial court which is in the best position to evaluate the facts of the case and the background of the defendant. State v. Fischer, 108 Ariz. 325, 498 P.2d 147 (1972).

Judgment and sentence affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER, and HOLOHAN, JJ., concur.