542 P.2d 800

STATE of Arizona, Appellee,

v.

Francis W. FOX, Appellant.

No. 2952.

Supreme Court of Arizona,
In Banc.

Nov. 10, 1975.

N. Warner Lee, The Former Atty. Gen., Bruce E. Babbitt, The Atty. Gen., by Cleon M. Duke and Theresa Thayer, Asst. Attys. Gen., Phoenix, for appellee.

S. Gibbons Frost and G. Terris Porter, Show Low, for appellant.

HOLOHAN, Justice.

The defendant, Francis W. Fox, pled guilty to second degree murder for which he was sentenced to confinement for a term of 14 to 18 years. He filed a timely appeal.

The appellant has attacked the legal sufficiency of the plea in the following respects:

1. An intelligent plea was not entered because a) the appellant misunderstood the plea bargain, b) appellant may have been misled by counsel and c) appellant was not advised of his right to remain silent.

2. Appellant was not allowed to withdraw his guilty plea under the plea bargain where psychiatric testing showed a possible defense to the crime based on lack of the necessary intent.

3. The trial court, by failing to grant appellant's motion for continuance and for commitment for further psychiatric and physical examination, coerced the guilty plea and violated A.R.S. § 13–1621.01(J), and

4. The plea bargain was not adhered to by the state and the court.

On February 8, 1973, the appellant was charged by information with first degree murder. Since the action commenced prior to September 1, 1973, the 1956 Rules of Criminal Procedure were applicable. 17 A.R.S. Rules of Criminal Procedure, Rule 1.5.

Upon motion of appellant, the trial court appointed two psychiatrists to determine appellant's competency to stand trial and mental condition at the time of the alleged murder. The psychiatric reports confirmed appellant's claim of amnesia at the time of the homicide, but the reports reflected that appellant was presently capable of assisting in his own defense. The reports suggested that appellant may not have fully understood the quality of the committed act because of pathological intoxication, and one of the reports recommended that additional psychiatric and physical tests be conducted to determine whether appellant's history of drinking had produced an organic deficiency or an epileptic condition.

After receiving the reports, the trial court set the case for trial on August 7,

1973. On July 24, 1973, appellant gave the prosecution notice that defense of insanity would be urged. The appellant filed a motion for continuance and for commitment for further psychiatric and physical examination. Without responding directly to the motion, the trial court reset the trial date for August 8, 1973. On August 6, 1973, a plea agreement was entered into between appellant, represented by counsel, and the prosecution, by which appellant would enter a plea of guilty to second degree murder, and, prior to sentencing, submit himself to the Diagnostic Center of the Arizona State Prison for psychological evaluation under A.R.S. § 13–1621. It was further agreed that if the resulting reports indicated a probability that appellant had suffered from a mental defect sufficient to support a valid insanity defense, appellant would be permitted to withdraw his plea of guilty. The matter was presented to the trial court, and he approved the agreement. At the request of the Arizona State Prison Diagnostic Center, the trial court ordered that appellant be transferred to the Arizona State Hospital to receive the subject tests. Two hospital psychiatrists administered the tests and concluded that appellant was presently able to assist in his own defense and was not legally insane at the time of the commission of the offense. By stipulation of the parties, the court held that appellant was able to assist in his defense and was legally sane at the time of the commission of the act. Appellant was thereafter sentenced to prison for second degree murder.

■ Appellant's assertion that the record does not sufficiently reflect an intelligent plea is of three parts. First, appellant argues that he misunderstood the plea bargain agreement. A careful examination of the record reveals that this is not so. It is a fact that on one occasion the court did misstate the argument, but the record adequately reflects at other points, both before and after the misstatement, that the appellant, the prosecution and the court were fully aware of the agreement in all of its particulars. Second, the appellant contends that he was misled by statements of counsel as to the length of the sentence he was to receive. During the plea bargain negotiations, the appellant was clearly apprised of the range and extent of the sentence for second degree murder. All evidence before us tends to support rather than rebut the presumption that the appellant did have full knowledge of the facts and consequences of the plea bargain in this respect. *State v. Washington,* 108 Ariz. 111, 493 P. 2d 493 (1972); *State v. McCallister,* 107 Ariz. 143, 483 P.2d 558 (1971); *State v. Gutierrez,* 20 Ariz.App. 337, 512 P.2d 869 (1973).

■ Third, appellant urges that the trial court failed to advise him upon entry of the guilty plea of his right to remain silent. Although the trial court attempted to set forth meticulously the requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the court failed to instruct the appellant that he was waiving the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment. Because the record is deficient in this regard, we must remand this cause for hearing to determine whether appellant knew that he was waiving his right against compulsory self-incrimination. *State v. Crowley,* 111 Ariz. 308, 528 P.2d 834 (1974); *State v. Darling,* 109 Ariz. 148, 506 P.2d 1042 (1973).

■ Appellant's second assertion of error is that appellant should have been allowed to withdraw his guilty plea because the psychiatric reports suggested a possible defense to the murder charge, *i.e.,* negation of necessary intent due to drunkenness. Prior to the psychiatric testing performed pursuant to the plea bargain agreement, the appellant was examined by two private psychiatrists, one of whom recommended that additional psychiatric and physical testing be conducted. It was apparent from these reports that there existed a possibility for a specific intent defense.

Nonetheless, appellant entered into the plea agreement without specifying or bargaining that a provision be included for such a contingency, and agreed only to a withdrawal of the guilty plea in the event of reports indicating a valid insanity defense. *See State v. Hostler,* 109 Ariz. 212, 507 P. 2d 974 (1973). It is clearly established that voluntary intoxication is not a basis for a valid insanity defense. *State v. Durgin,* 110 Ariz. 250, 517 P.2d 1246 (1974). Furthermore, appellant made no effort in the lower court proceedings to withdraw his plea. In light of appellant's understanding of the plea bargain agreement, we feel that no constitutional rights of the appellant were abused by the lower court in not withdrawing the guilty plea on its own initiative. *State v. Gilreath,* 107 Ariz. 318, 487 P.2d 385 (1971), *cert. denied,* 406 U.S. 921, 92 S.Ct. 1781, 32 L.Ed.2d 121 (1972); *State v. Rendel,* 18 Ariz.App. 201, 501 P.2d 42 (1972).

■ The third ground for appeal raised by appellant is that, because of appellant's indigency, denial of appellant's motion for continuance and for commitment for further psychiatric and physical examinations constituted a coercion of his guilty plea. At the time of accepting the plea, the trial court made specific inquiries into its voluntariness. Both appellant and counsel responded affirmatively that it was arrived at without coercion or compulsion. This fact, accompanied by the additional facts that appellant did not raise his contentions of involuntariness before the trial court and did not pursue his motion for continuance in any manner whatsoever,* precludes the appellant from now asserting this issue

on appeal. 5 C.J.S. *Appeal & Error* § 1545, p. 1115. *See State v. Hostler, supra;* *Matlow v. Matlow,* 89 Ariz. 293, 361 P.2d 648 (1961).

■ As part of the same argument, appellant contends that the trial court's failure to rule on the motion violated A.R.S. § 13–1621.01(J). This provision grants the defendant the right to have himself examined by qualified, approved psychiatrists in cases involving an insanity defense. At the time of the motion, appellant had already been examined by two court-appointed psychiatrists pursuant to A.R.S. § 13–1621 to determine whether appellant could assist in his own defense, and whether he was legally insane at the time of the murder. While it is a fact that one of the psychiatrists recommended additional testing for possible organic damage and epileptic situation, there is no statutory provision providing for a second set of mental examinations. The mere fact that a psychiatric report recommended additional testing does not in itself require that the trial court automatically allow it. Under these circumstances, the failure of the trial court to grant the motion does not consitute an abuse of discretion nor does it violate A. R.S. § 13–1621.01(J). *State v. Cooper,* 111 Ariz. 32, 523 P.2d 60 (1974).

■ We do find, however, that the trial court failed to comply with the provisions of A.R.S. § 13–1621(E) in that the provision's mandatory hearing requirement was not complied with. The only determination of competency by the trial court occurred subsequent to the plea bargain agreement and immediately before sentenc-

---

* Appellant has argued that the trial court's rescheduling of the trial date immediately after the filing of the motion for a continuance constitutes an implied denial. 60 C.J.S. *Motions & Orders* § 38, p. 54. The facts are insufficient, however, for us to resolve this point since it is uncertain whether the trial court had actual knowledge of the motion when it reset the trial date the very next day. The plea bargain agreement was entered into 12 days later and before the trial date, thereby eliminating any future need of ruling thereon. *See Atchison, Topeka and Santa Fe Ry. Co. v. Parr,* 96 Ariz. 13, 391 P.2d 575 (1964). The inferences to be drawn from the events transpiring during this length of time are too inconclusive to permit us to reach the conclusion sought by the appellant.

ing. The appropriate minute entry reads as follows:

> "This is the day and hour for sentencing. . . . Both counsel stipulate that the defendant is able to assist in his own defense and does not suffer from any mental disorder and upon this stipulation, the Court so finds that the defendant is able to assist in his own defense. . . ."

It is to be emphasized that the court's determination was based on the parties' stipulation that the appellant was in fact competent and was *not* a finding made pursuant to a stipulation that the matter be submitted to the court on the written reports of psychiatrists. *Cf. State v. Bates,* 111 Ariz. 202, 526 P.2d 1054 (1974); *State v. Cobb,* 110 Ariz. 578, 521 P.2d 1124 (1974). At the minimum, A.R.S. § 13–1621(E) contemplates some type of hearing wherein the court receives the psychiatric reports and evaluations, together with all other available information concerning the defendant's mental condition, before ruling on competency. We find that the failure to hold such a hearing constitutes error and we direct the lower court to conduct the hearing as required by A.R.S. § 13–1621(E) to determine whether the appellant was competent to understand the proceedings and assist his counsel in his defense. *State v. Sanders,* 110 Ariz. 503, 520 P.2d 1127 (1974); *State v. Blazak,* 110 Ariz. 202, 516 P.2d 575 (1973).

Appellant's final contention is that the plea bargain was not adhered to by the prosecution and the court. A careful comparison of the alleged breaches of the plea bargain with the plea bargain agreement and the record renders appellant's argument without merit. We find no instance in which the prosecution and the trial court did not fully or substantially comply with all obligations set forth in the subject agreement, and there is no indication that appellant was prejudiced in any manner by the way in which the agreement was implemented. *See Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *State v. Darling,* 109 Ariz. 148, 506 P.2d 1042 (1973).

The trial court is directed to hold a hearing as required by A.R.S. § 13–1621(E) to establish whether the appellant was able to understand the nature of the proceedings and assist his counsel, and further to determine whether appellant was aware of his right against compulsory self-incrimination when making his guilty plea. The trial court should make findings of fact with respect to these two issues, and the record together with such findings are to be returned to this Court where the conviction will be affirmed if the evidence supports the findings.

Remanded with directions.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS, and GORDON, JJ., concur.