## PEOPLE *v.* SINCLAIR

1. EVIDENCE—POLYGRAPH TEST—ADMISSIBILITY.
   Neither the results of a polygraph test nor the conclusions of the person administering it are admissible in evidence.

2. NEW TRIAL—EVIDENCE—POLYGRAPH TEST—ADMISSIBILITY.
   Results of three polygraph tests given to a prison inmate who signed an affidavit that he, not the defendant, had committed the armed robbery of which defendant was convicted, and the conclusions of the polygraph operator and of a police detective that the prison inmate had fabricated a story to absolve defendant, are inadmissible in ruling on defendant's motion for a new trial.

3. NEW TRIAL—EVIDENCE—WITNESSES—PRISON INMATE—PRODUCTION.
   Denial of a request that a prison inmate, who had made an affidavit absolving defendant of armed robbery, be produced at a hearing on defendant's motion for a new trial was error where the question was whether there was sufficient cause to believe the absolving inmate's confession so as to make probable a different result at a new trial, and the only fact bearing upon that confession was a police officer's testimony denying the truth of it.

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J. Submitted Division 1 January 5, 1970, at Detroit. (Docket No. 2,997.) Decided February 3, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence § 831.
  Physiological or psychological truth and deception tests. 23 ALR 2d 1306.
[3] 39 Am Jur, New Trial § 165 *et seq.*

Ethen Sinclair was convicted by a jury of armed robbery. Motion for new trial denied. Defendant appeals. Remanded for rehearing on motion for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*John C. Bossenberger,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

LESINSKI, C. J.    Defendant Ethen Sinclair was found guilty, following trial by jury, of armed robbery, MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797). Defendant's motions for new trial were denied and this appeal was brought as of right.

Although several issues are raised on appeal, only one merits attention. Following his conviction, defendant moved for a new trial based solely on the grounds of newly-discovered evidence. On November 14, 1967, an inmate at Jackson prison, Ira Todd, signed an affidavit stating that he and not defendant Sinclair committed the crime here in question.[1]

At the hearings on defendant's motion for new trial, it developed that immediately after the Detroit Police Department learned of Todd's confession the

---

[1] The affidavit reads:

"People vs. Ethen Sinclair, No. A–128917. State of Michigan, County of Jackson. Ira Todd, being first duly sworn, deposes and says that on February 11, 1966, he held up the Ward's Liquor Store at 3126 Fenkell, Detroit, Michigan.

"Deponent further says that Ethen Sinclair, who is now serving 7-1/2 to 20 years in Jackson Prison, Michigan, is not guilty of the above crime."

Ira Todd's signature was notarized.

department took several steps to determine the truth of the statement. These included a lie detector test, reverse lineups, and the questioning of Todd along with interviews with the three witnesses of the crime.

The only witness at the hearings was the police detective in charge of the case, who described all the actions taken by the police and their results. At the close of his testimony, defense counsel requested that Todd be brought in to let the court determine the truth of his affidavit. The request was denied.

On appeal defendant argues that the hearings on his motion were fundamentally unfair, thereby violating his right to due process. Two aspects of the hearings require us to agree and to remand for a new hearing.

At the first hearing the fact that Todd was given three polygraph tests was brought out by a question from the Court. When defense counsel made his first indication that he would challenge the tests, the trial court stated that the results of the tests usually are not admissible evidence and the only purpose for which the tests would be considered is to determine whether the police had made an investigation of Todd's statement. At the second hearing on the motion, however, the court made the following remark in its last statement of record:

"They did put Mr. Todd on a polygraph to determine whether or not there was any substance to his story. Although the results of a polygraph are not admissible in a proceeding in court, nevertheless, it was the conclusion of the polygraph operator and the police that this was a fabrication on the part of Mr. Todd merely to wipe off an offense for defendant Sinclair."

This statement, together with the fact that it was upon questioning from the court that the polygraph

test was first admitted into evidence, clearly indicates that weight was given it below.

In *People* v. *Paul F. Baker* (1967), 7 Mich App 471, 475, this Court stated:

"It is well settled in this State that the results of a polygraph test are not admissible into evidence. See *People* v. *Becker* (1942), 300 Mich 562. Neither are the conclusions of the person administering the test admissible. See *People* v. *Welke* (1955), 342 Mich 164. However, so far as we can determine, the question whether the fact that a polygraph test has been made is admissible has not been passed upon. We hold that because the results of a polygraph test are incompetent evidence, the fact that such a test was made is immaterial, and reference thereto should be excluded upon proper objection."

It was, therefore, error to admit the test and give weight to the results. See, also, *People* v. *Brocato* (1969), 17 Mich App 277.

The second difficulty with the hearing on defendant's motion held below was the refusal of the court to require the attendance of Todd following defendant's request that Todd be produced. Within the setting of the instant case, the question below was whether there was sufficient cause to believe Todd's confession so as to make probable a different result at a new trial.[2] This was a factual matter. See *People* v. *Semchena* (1967), 7 Mich App 302.

In denying defendant's request to have Todd produced the court responded: "I don't think that it is necessary in view of the facts before the court at the present time." The only fact before the court, however, was the police officer's testimony denying the truth of Todd's statement. The court, there-

---

[2] See *People* v. *Keiswetter* (1967), 7 Mich App 334, for the four elements required for a new trial based on newly-discovered evidence.

fore, effectively delegated the fact-finding process to the police department.

The prosecutor argues that *People* v. *Czarnecki* (1928), 241 Mich 696, is determinative and requires affirmance. In *People* v. *Mosden* (1969), 381 Mich 506, however, the Court stated at p 512:

"We are not unaware of the decision of this Court in *People* v. *Czarnecki*, 241 Mich 696, handed down in 1928, long before the 1963 decision of the United States Supreme Court in *Townsend* v. *Sain* [(1963), 372 US 293 (83 S Ct 745, 9 L Ed 2d 770)]. *Czarnecki* is, at all events, distinguishable from the instant case in that there the defendant did not, as here, seek to have the absolving prison inmate brought into court to testify in his behalf at the hearing, nor did the trial court indicate in any way that such request would have been denied. Thus the question in the instant case as to whether such denial is error was not there involved."

This point of distinction, the first of three noted by the Court, is directly applicable to the instant case.

The case is affirmed on all matters save those discussed in this opinion and the case is remanded for a rehearing on defendant's motion for new trial. If upon hearing, the trial court finds that there is sufficient evidence of the falsity of Todd's confession that his testimony would not have made a different result probable, the motion for new trial should be denied. It otherwise should be granted.

All concurred.