## PEOPLE v LUCAS

Docket No. 55488. Argued October 9, 1974 (Calendar No. 15).—Decided April 7, 1975.

Roy Lucas was convicted in Berrien Circuit Court, Julian E. Hughes, J., on a charge of breaking and entering. Before trial, defense counsel timely moved for forensic psychiatric examination to aid in the determination of competency to stand trial. A forensic examination was given defendant, and a report from the forensic center recommended that defendant be found competent to stand trial. No formal hearing as required by MCLA 767.27a(4); MSA 28.966(11)(4) was held. The Court of Appeals, R. B. Burns, P. J., and Danhof and O'Hara, JJ., remanded for a *nunc pro tunc* competency hearing (Docket No. 16080). Defendant appeals, contending that the failure of the trial court to conduct a competency hearing pursuant to the statute requires reversal of his conviction rather than a *nunc pro tunc* hearing. *Held:*

1. Failure to follow a statute or court rule respecting competency determination does not ipso facto entitle defendant to a new trial; evidence substantiating incompetency in fact must establish that there was a violation of rights before a new trial will be ordered.

2. The only way the issue respecting competency can be determined is by a motion for a new trial with supporting affidavits or evidence showing substance to the claim that defendant was incompetent at the time of the original trial.

3. Defendant's conviction is reinstated without prejudice to his opportunity to file a delayed motion for new trial claiming incompetency.

4. Henceforth it will be incumbent upon a defendant claiming error for noncompliance with the statutory, court rule, or constitutional provisions respecting competency to stand trial to present a motion for new trial, seeking an evidentiary

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 192.
[2–5] 21 Am Jur 2d, Criminal Law §§ 73, 74.

hearing at the trial court level, *before* claimed error will be considered upon appeal.

Swainson, J. (T. M. Kavanagh and Williams, JJ., concurring), concurred in the result in a separate opinion on the ground that the facts in the present case make remand for filing of a delayed motion for new trial a reasonable remedy because the court will have the report from the Forensic Center to aid in determining if the defendant was competent to stand trial.

OPINION OF THE COURT

1. CRIMINAL LAW—CLOSING ARGUMENT—PROSECUTOR'S COMMENTS.

An allegation that certain comments made by the prosecuting attorney in final argument constituted impermissible comment on the failure of defendant to take the stand in his own defense was lacking in merit where the complained-of remarks, accurately characterized, constituted comment on the weight to be assigned to the testimony of a key witness rather than the alleged impermissible comment.

2. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—NEW TRIAL.

Failure to follow a statute or court rule respecting determination of competency to stand trial does not ipso facto entitle a defendant to a new trial; evidence substantiating incompetency in fact must establish that there is a violation of rights before a new trial will be ordered.

3. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—NEW TRIAL.

After conviction in a case where the statute and court rule on determination of competence to stand trial were not followed, and where no evidence of incompetency was adduced at trial and no offer of such evidence was made on appeal, the only way an issue respecting competency can be determined is by a motion for new trial with supporting affidavits or evidence showing substance to the claim that defendant was incompetent at the time of the original trial.

4. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—PROCEDURAL ERROR —PRESERVING QUESTION—NEW TRIAL.

A defendant claiming error for noncompliance with the statutory, court rule, or constitutional provisions respecting competency to stand trial must present a motion for new trial, or delayed motion for new trial, seeking an evidentiary hearing at the trial court level *before* claimed error will be considered upon appeal; in the event evidence of incompetency is shown it will be the obligation of the trial court to hold an evidentiary hearing to determine whether a new trial is required.

CONCURRING OPINION

T. M. KAVANAGH, SWAINSON, and WILLIAMS, JJ.

5. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—REMAND FOR HEAR-
ING.

>*Remand for a hearing on defendant's competence to stand trial,
rather than reversal of his conviction, is a reasonable remedy
in a case where the defendant was examined at the forensic
center and a report on his competence prepared by its staff
before trial, so that the court will have the report to aid it in
finding whether defendant was, in fact, competent to stand trial
(MCLA 767.27a).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *John A. Smietanka,*
Prosecuting Attorney, and *John Jeffrey Long,* As-
sistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *John B.
Phelps),* for defendant on appeal.

J. W. FITZGERALD, J. Defendant timely submits
two issues for our review.[1] He first contends that
certain prosecutorial comments made during the
course of closing argument constitute reversible
error. His second contention is that the failure of
the trial court to conduct a competency hearing
pursuant to MCLA 767.27a(4); MSA 28.966(11)(4)[2]
requires reversal of his conviction rather than
remand for a *nunc pro tunc* competency hearing
as ordered by the Court of Appeals.

---

[1] A third non-waivable issue which we resolved in *People v Milton,*
393 Mich 234; 224 NW2d 266 (1974), was raised belatedly by defend-
ant in a supplemental brief filed after submission of this case. For
purposes of decision herein we note that the issue was resolved
against defendant in *Milton.*

[2] Repealed by 1974 PA 258; MCLA 330.1001 *et seq.;* MSA 14.800(1)
*et seq.,* effective August 6, 1974. Provisions of the new enactment (the
Mental Health Code) governing competency to stand trial are found
at MCLA 330.2020–330.2044; MSA 14.800(1020)–14.800(1044).

We affirm defendant's conviction without prejudice to defendant's opportunity to file a delayed motion for new trial claiming incompetency as provided herein.

## I.

Defendant was jury-tried and convicted on a charge of breaking and entering.[3] At trial defendant conceded the commission of the breaking and entering but argued his nonparticipation. Proofs indicated that stolen jewelry obtained via an unlawful breaking and entering was placed in the back seat of a car. Stolen jewelry was subsequently found on defendant's person after he fled from the car. One witness, Perry Shearill, whose complicity in the events had already been established by guilty plea, testified that he had picked defendant up in his car *after* Shearill and another party had accomplished the breaking and entering.

Defendant complains that certain comments made by the prosecuting attorney in final argument constituted impermissible comment on the failure of defendant to take the stand in his own defense. Since proof of most of the elements of the charged offense was conceded and defendant's participation hinged upon circumstantial evidence, final argument concentrated primarily upon witness Shearill's credibility and defendant's possession of stolen jewelry at the time of his arrest. The record reveals that the complained-of remarks, accurately characterized, constituted comment on the weight to be assigned to the testimony of key witness Shearill rather than the alleged impermissible comment. There was no error.

[3] MCLA 750.110; MSA 28.305.

## II.

Before trial, defendant's counsel filed a motion for diagnostic commitment to the forensic center and determination of competency. The court ordered commitment and a brief report stating that defendant was competent to stand trial was received. An order adjudicating defendant competent to stand trial was filed before the trial commenced. During a recess in the trial the following colloquy occurred between the trial judge and defense counsel:

"*The Court:* \* \* \* I think also here this gentleman has been to the Forensic Center?

"*Mr. Peterson:* He has.

"*The Court:* The Forensic Center sent back a report to me, and I have examined it, and they found he was fit to stand trial, and I so found, too. I'd better get that on the record here."

The judge later added:

"[T]he court previously found that based on the reports of the Forensic Center that the defendant is competent to stand trial."

Defendant contends that the above proceedings did not provide the statutory competency hearing required by MCLA 767.27a(4); MSA 28.966(11)(4)[4], and that failure to hold the requisite hearing was reversible error entitling defendant to a new trial. The Court of Appeals agreed with defendant that

---

[4] This section reads:

"(4) Upon receipt of the diagnostic report and recommendations the sheriff shall immediately return the defendant to the committing court and the court shall immediately hear and determine the issue of competence to stand trial. The diagnostic report and recommendations shall be admissible as evidence in the hearing, but not for any other purpose in the pending criminal proceedings."

no formal hearing as required was held but re-
manded for a *nunc pro tunc* competency hearing,
stating:

"[W]e remand with the instruction that a competency
hearing be held pursuant to MCLA 767.27a; MSA
28.966(11). If the results of the hearing determine that
the appellant was competent to stand trial at the time
of the original trial, the conviction is affirmed; if the
results of the hearing determine that the appellant was
incompetent at the time of the original trial, the convic-
tion is reversed and a new trial granted."

On January 18, 1974 a hearing was held pursuant
to the Court of Appeals order of remand. An order
finding defendant to have been competent at the
time of his trial on October 25, 1972 was filed on
April 29, 1974.

The question of substance before us is not
whether the requisite statutory "hearing" was
held. We agree, both parties agree, and the Court
of Appeals agreed that there was no sufficient
statutory hearing on present facts. The question is,
what remedy should the law afford a defendant
upon trial court failure to comply with the proce-
dural requisites (be they court rule or statutory)
surrounding determination of competency to stand
trial? In resolving this question we revisit *People v
Blocker,* 393 Mich 501; 227 NW2d 767 (1975).

In the present case defense counsel timely
moved for forensic psychiatric examination to aid
in the determination of competency to stand trial.
A forensic examination was given defendant. A
brief report received from the forensic center rec-
ommended that defendant be found competent to
stand trial. No formal hearing as required by

MCLA 767.27a(4); MSA 28.966(11)(4) was held. Defense counsel neither raised an objection to the lack of formal hearing nor requested that such a hearing be held.[5] There is no evidentiary indication of record that defendant was in fact incompetent to stand trial. Furthermore, no such claim is here being made.

As we said in *Blocker, supra,* failure to follow a statute or court rule respecting competency determination does not ipso facto entitle a defendant to a new trial. Evidence substantiating incompetency-in-fact must establish that there is a violation of rights before a new trial will be ordered. Here, as in *Blocker,* no evidence of incompetence was adduced at trial and no offer of such evidence is now made.

At this juncture, the only way an issue respecting competency can be determined is by a motion for new trial with supporting affidavits or evidence showing substance to the claim that defendant was incompetent at the time of the original trial. If

---

[5] In fact the record of the January 18, 1974 competency hearing held upon remand from the Court of Appeals contains the following remarks of defendant's counsel respecting his efforts to obtain for defendant a competency hearing prior to trial:

"*Q.* And after receiving a copy of that report, did you at any time file a motion with the Court for hearing?

"*A.* I did not.

"*Q.* Did you at any time request the court for a hearing in this matter?

"*A.* I believe the record would show that the court was Judge Byrns. At that time he asked me if I would be interested in having a full hearing on the competency issue of Mr. Lucas, and it seems to me that I told the judge I didn't think that that was necessary, since I did have Dr. Novello's report, and he asked me if I wanted to have a formal hearing and I think I indicated—I recall that I said, 'Well, there's no sense in having the doctor come clear up here from Ypsilanti just to testify as to what was in his report.' I was willing to accept the report on its face."

Since no argument is made respecting the effect of the above, we express no opinion concerning the impact of this testimony upon the conceded error of the trial court in failing to hold the statutory hearing.

such duly-supported motion is filed, the trial court is obligated to hold a hearing on the motion.

It is our view that this Court should not function in cases such as the present as a never-resolving, ever-revolving door when evidentiary presentation at the trial court level will permit determination of the substantiality of claimed error and avoid the "playing of the appellate game". Henceforth it is incumbent upon a defendant claiming error for noncompliance with the statutory, court rule, or constitutional provisions respecting competency to stand trial to present a motion for new trial, or delayed motion for new trial, seeking an evidentiary hearing at the trial court level *before* claimed error will be considered upon appeal.[6] In the event evidence of incompetency is shown it will be the obligation of the trial court to hold an evidentiary hearing to determine whether a new trial is required.

The Court of Appeals is reversed and the conviction reinstated without prejudice to defendant's opportunity to file a delayed motion for new trial in accordance with the foregoing.

T. G. KAVANAGH, C. J., and LEVIN and M. S. COLEMAN, JJ., concurred with J. W. FITZGERALD, J.

SWAINSON, J. I concur in the result reached by Justice J. W. FITZGERALD's opinion, but I wish to advance a separate rationale. I also find it necessary to distinguish this case from *People v Blocker,* 393 Mich 501; 227 NW2d 767 (1975).

The facts of the present case make remand for filing of a delayed motion for a new trial a reason-

---

[6] In *People v Gomolak,* 386 Mich 540; 194 NW2d 320 (1972), this Court ordered a new trial because of failure to hold a competency examination. To the extent the remedy granted in that case is inconsistent with this opinion, we will no longer follow it.

able remedy. Lucas was examined at the Forensic Center prior to the time of his trial and a report was prepared on the subject of competence by the Forensic Center staff. Upon remand, the court will have this report before it to aid it in determining if·Lucas was, in fact, competent to stand trial. The *Lucas* remand hearing will comply with the letter and spirit of MCLA 767.27a; MSA 28.966(11) and will not be an exercise in complete speculation.

In *Blocker,* however, there is no expert evidence available concerning Blocker's competence at the time of his trial. Blocker was not examined by the staff of the certified diagnostic facility, nor was he examined by any person whom the court could call as an expert on the issue of competence. If the trial court had attempted to hold a competence hearing on the evidence available prior to Blocker's original trial, it surely would have been in error under MCLA 767.27a(4); MSA 28.966(11)(4). I do not believe that the court should be allowed to make a judgment years after a trial that it would legally and professionally have been disqualified from making at the time of trial.

T. M. KAVANAGH and WILLIAMS, JJ., concurred with SWAINSON, J.