PEOPLE v RIGHI

CRIMINAL LAW—COMPETENCE TO STAND TRIAL—HEARING—NEW TRIAL —PRESERVING QUESTION.

Any error occurring in a trial court's treatment of the issue of a defendant's competence to stand trial, after defendant's conviction, must be remedied by a motion for a new trial with supporting affidavits or evidence showing that the defendant was incompetent at the time of his plea of guilty; in the event evidence of incompetence is shown, the trial court will hold an evidentiary hearing to determine whether a new trial is required.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 November 14, 1974. (Docket No. 19781.) Decided May 30, 1975.

Ronald V. Righi was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people.

*Davis, Hayward, Kingsepp & Hertler* (by *Geoffrey H. Davis),* for defendant.

Before: BRONSON, P. J., and D. E. HOLBROOK and V. J. BRENNAN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 63 *et seq.*

PER CURIAM. Defendant-appellant, Ronald Victor Righi, was charged on May 23, 1973 with two armed robberies, MCLA 750.529; MSA 28.797, and assault with intent to rob being armed, MCLA 750.89; MSA 28.284. Preliminary examinations were held on all three counts and Righi was separately bound over to circuit court on each one. On August 20, 1973, upon order of the trial court, Righi was committed to the Center for Forensic Psychiatry for the performance of a psychiatric evaluation concerning his competency to stand trial.

On September 17, 1973, Righi entered a plea of guilty to the charge of assault with intent to rob while armed. The two armed robbery charges were subsequently nol-prossed on motion of the people as part of the plea agreement negotiated by the parties.[1] Righi was sentenced on October 11, 1973 to a term of from 7-1/2 to 15 years in prison.

A motion for new trial was filed on February 4, 1974, alleging noncompliance with MCLA 767.27a(4); MSA 28.966(11)(4), which provides, in relevant part:

"Upon receipt of the diagnostic report and recommendations the sheriff *shall* immediately return the defendant to the committing court and the court shall immediately hear and determine the issue of competence to stand trial." (Emphasis added.)

The motion for new trial was denied by order dated February 27, 1974. In addition, the trial judge scheduled a competency hearing, which was held on March 7, 1974. Righi was found competent

---

[1] Other charges pending in Macomb County were dismissed as well as part of a more comprehensive agreement negotiated by defense counsel.

by *nunc pro tunc* order formally entered on March 12, 1974.[2]

Righi maintains that the procedure followed in this case constitutes reversible error. He does not challenge the finding of competency. He does not have any quarrel with the plea proceedings which culminated in his conviction and sentence. He does not deny that he received the benefit of the bargain made with the prosecutor, namely, the dismissal of two pending armed robbery charges. He does not allege that he was in fact incompetent at the time of the taking of his guilty plea. Nor does he offer any evidence which would tend to support such a claim. He appeals from the order denying a new trial and granting a competency hearing, arguing that a *nunc pro tunc* hearing does not satisfy statutory requirements.

Whether the *nunc pro tunc* hearing satisfies statutory requirements is a question we need not decide. Any error occurring in the treatment of the competency issue below must be remedied in accordance with recent Supreme Court pronouncements:

"At this juncture, the only way an issue respecting competency can be determined is by a motion for new trial with supporting affidavits or evidence showing substance to the claim that defendant was incompetent at the time of the [guilty plea].

\* \* \*

[2] The people argue that the question of competence is not properly before us since the issue was not formally raised in the proceedings on the charge forming the basis of this appeal, but rather in proceedings on one of the armed robbery charges during which Righi was committed to the Forensic Center. The argument is not well taken. The three charges, though technically unrelated, were treated in group fashion by all parties throughout. All three charges form the basis of plea negotiations. Moreover, the same trial judge who ordered the diagnostic commitment presided at the taking of the guilty plea. For purposes of this appeal, the question of Righi's competence can appropriately be considered.

"In the event evidence of incompetency is shown it will be the obligation of the trial court to hold an evidentiary hearing to determine whether a new trial is required."[3]

Affirmed.

[3] *People v Lucas,* 393 Mich 522, 528–529; 227 NW2d 763 (1975). *See also, People v Blocker,* 393 Mich 501; 227 NW2d 767 (1975), and *People v Parker,* 393 Mich 531; 227 NW2d 775 (1975).