PEOPLE v LIDDELL

1. CRIMINAL LAW—EVIDENCE—POLYGRAPH EXAMINATIONS—LIE-DETECTOR TESTS—OPINION TESTIMONY—ADMISSIBILITY.

Polygraph examination results and opinion testimony based thereon are not admissible in evidence; the fact that a criminal defendant volunteers to take the test or stipulates to its admissibility does not alter the rule.

2. CRIMINAL LAW—FAIR TRIAL—EVIDENCE—COMPETENCY—SUBSTANTIAL ERROR—REMEDIES—NUNC PRO TUNC HEARING—POLYGRAPH EXAMINATIONS—LIE-DETECTOR TESTS—APPEAL AND ERROR.

A criminal defendant's constitutional right to a fair trial includes the right to a hearing to determine his competency to stand trial where he has introduced evidence on the subject of competency, and the hearing must be free from substantial error; a *nunc pro tunc* competency hearing at which polygraph evidence shall not be admitted is the appropriate remedy on appeal where a court has committed substantial error in admitting polygraph evidence at the first hearing.

Appeal from Oakland, Richard D. Kuhn, J. (Case originally assigned to William P. Hampton, J., before whom the defendant was found competent to stand trial. Case reassigned to Judge Kuhn upon the addition of two new judgeships in Oakland County. Judge Kuhn took the plea and passed sentence.) Submitted June 2, 1975, at Lansing. (Docket No. 18180.) Decided August 25, 1975.

Thomas A. Liddell was convicted, on his plea of

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence § 831.
Physiological or psychological truth and deception tests. 23 ALR2d 1306.

guilty, of attempted rape. Defendant appeals. Remanded for another competency hearing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *T. S. Givens,* Assistant Appellate Counsel, for the people.

*Scupholm & Underwood,* for defendant on appeal.

Before: BASHARA, P. J., and J. H. GILLIS and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Defendant appeals as of right from his plea-based conviction of the offense of attempted rape. MCLA 750.92, 750.520; MSA 28.287, 28.788. He was sentenced to a term of 40 months to 5 years in prison, to be served concurrently with a sentence in another, unrelated conviction.

Defendant's contentions on appeal concern the trial court's determination on December 6, 1972, that he was competent to stand trial. Upon defendant's petition, the trial court ordered him committed to the Center for Forensic Psychiatry for examination. After more than a month of hospitalization, during which the defendant was given a number of psychological tests, the two examining psychiatrists reported that, although the defendant suffered from a mild mental illness, he would be able to recognize the nature of the proceedings in relation to his position and to advise counsel in his defense.

One of the psychiatrists, however, Dr. Leon J. Quinn, subsequently conducted further studies concerning defendant's mental illness and con-

cluded, in a letter sent to the trial judge, that the defendant was incompetent.

A competency hearing was held on November 16, November 27 and December 4, 1972. The original psychiatric report diagnosing the defendant as competent was admitted into evidence. In addition, Dr. Quinn, while noting some qualifications, testified that he believed defendant to be incompetent to stand trial. This conclusion was based upon the defendant's professed lack of knowledge of the nature of the proceedings and his lack of recognition of his counsel. Dr. Quinn noted inconsistencies in the defendant's assertion of memory loss and stated that whether this condition was actual or feigned would be critical to the doctor's opinion as to the defendant's competency.

The prosecutor proposed that defendant be given a polygraph examination in order to resolve the issue and that the results be presented to the court at a continuation of the competency hearing. After receiving the prosecutor's agreement that no admission or confession would be used in a subsequent trial on the merits, the defendant agreed to submit voluntarily to the polygraph test, which was held on November 30, 1972. Subsequently, the competency hearing was reconvened, and the polygraph examiner was called to testify. The examiner testified that the defendant made a truthful, affirmative response to the question of whether he had lied to the judge as to his memory loss. The examiner testified further that, after the examination, the defendant admitted knowing that he had lied to the judge and admitted that he knew his attorney.

On December 6, 1972, the trial court found the defendant to be competent to stand trial. After the case was remanded for a preliminary examination,

the defendant was bound over for trial. Prior to trial, however, his plea of guilty to attempted rape was accepted and he was thereafter sentenced.

On appeal, the defendant contends that the trial court committed error, during the competency hearing, in considering the results of a polygraph examination and in rejecting the expert testimony of Dr. Quinn.

The parties devote primary effort to arguing over whether it was erroneous for the trial court to disregard Dr. Quinn's testimony in concluding that the defendant was competent. Considering the earlier forensic report and the qualified nature of Dr. Quinn's testimony, we have no doubt that there was sufficient evidence of defendant's competence to support the court's conclusion. *People v Livingston,* 57 Mich App 726; 226 NW2d 704 (1975). See also *People v Chase,* 38 Mich App 417; 196 NW2d 824 (1972).

However, the difficult issue in this appeal is whether the admission of the results of defendant's polygraph examination was erroneous. The trial court did not expressly rely upon the polygraph results; however, they were admitted and they supported the conclusion that the defendant had lied to the judge previously when the defendant had stated that he did not understand the proceedings and did not recognize his counsel.

Michigan courts have a consistent history of ruling polygraph examinations and opinion testimony based thereon to be inadmissible evidence.[1] *People v Frechette,* 380 Mich 64; 155 NW2d 830 (1968). *People v Davis,* 343 Mich 348; 72 NW2d 269 (1955). In addition to criminal trials, polygraph evidence has been ruled inadmissible in presen-

---

[1] This issue is currently pending before the Michigan Supreme Court in *People v Barbara, lv granted,* 391 Mich 761 (1974).

tence reports, consideration for a motion for a new trial, during sentencing proceedings and in civil and administrative proceedings. *People v Allen,* 49 Mich App 148; 211 NW2d 533 (1973). *Sponick v Detroit Police Department,* 49 Mich App 162; 211 NW2d 674 (1973). Considering the statements and preparations by the trial court prior to his order for the defendant to submit to the examination, and considering the inculpatory results of the test, we cannot say that the consideration of the polygraph testimony constituted harmless error. See *People v Bush,* 54 Mich App 77; 220 NW2d 333 (1974), and *People v Levelston,* 54 Mich App 477; 221 NW2d 235 (1974).

Polygraph evidence has been held to be erroneous in numerous situations in both civil and criminal cases.[2] It would thus be anomalous for us to endorse its use in the context of a competency hearing. Consequently, we conclude that error was committed in admitting polygraph evidence at a hearing to determine if the defendant was competent to stand trial.

The remedy for such an error poses a significant question, especially in light of the recent trilogy of cases, *People v Blocker,* 393 Mich 501; 227 NW2d 767 (1975), *People v Lucas,* 393 Mich 522; 227 NW2d 763 (1975), and *People v Parker,* 393 Mich 531; 227 NW2d 775 (1975). In *Lucas,* the trial court granted defendant's motion for a forensic psychiatric examination. After the forensic center reported that the defendant was competent to stand trial, the trial court failed to conduct a formal competency hearing. The Court of Appeals remanded the

---

[2] The fact that the defendant volunteers to take the test or stipulates to its admissibility does not alter the rule that polygraph evidence is incompetent. *Stone v Earp,* 331 Mich 606, 611; 50 NW2d 172 (1951). *People v Levelston,* 54 Mich App 477; 221 NW2d 235 (1974).

case for a *nunc pro tunc* competency hearing. The Michigan Supreme Court reversed, stating:

"Henceforth it is incumbent upon a defendant claiming error for noncompliance with the statutory, court rule, or constitutional provisions respecting competency to stand trial to present a motion for new trial, or delayed motion for new trial, seeking an evidentiary hearing at the trial court level *before* claimed error will be considered upon appeal. In the event evidence of incompetency is shown it will be the obligation of the trial court to hold an evidentiary hearing to determine whether a new trial is required." 393 Mich 522, 529. (Emphasis in original, footnote omitted.)

Unlike the present case, there was no evidentiary indication of any kind offered in *Lucas* to support incompetency. Moreover, no such offer was made on appeal. Likewise, no evidence of incompetence was adduced in *Blocker* or *Parker. Blocker* took note of *Pate v Robinson,* 383 US 375; 86 S Ct 836; 15 L Ed 2d 815 (1966), which held that a defendant had been denied his constitutional right to a fair trial where the trial court had failed to hold a competency hearing after the defendant had introduced evidence on the subject.

We believe that the defendant also has a right to a hearing which is free from substantial error such as the consideration of inadmissible evidence. In the present case, Dr. Quinn testified that in his opinion, the defendant was not competent to stand trial. This evidence is important in itself and because it tended to raise doubts about the forensic report, in view of the fact that Dr. Quinn coauthored that report. Thus, we conclude that the *Lucas* disposition of affirming the conviction without prejudice to defendant's opportunity to file a motion for a new trial is not an appropriate remedy for the error committed in this case.

A new trial, however, is not warranted. This would deprive the prosecution an opportunity to demonstrate that the defendant was fully able to understand the proceedings and to assist his counsel. Consequently, while we recognize the difficulty of retrospectively determining a defendant's competence after nearly three years, we conclude that a *nunc pro tunc* hearing is the only remedy which adequately protects the interests of the state and the defendant. Another panel in this Court has recently come to the same conclusion under similar factual circumstances. *People v Martin,* 61 Mich App 102; 232 NW2d 191 (1975). See also *People v Blocker,* 393 Mich 501, 508, fn 1; 227 NW2d 767 (1975), quoting at length from *Conner v Wingo,* 429 F2d 630, 639–640 (CA 6, 1970).

The case is remanded to the trial court for another competency hearing at which polygraph evidence shall not be admitted. If it is determined that defendant was competent to stand trial at the time of the original trial, his conviction is affirmed. If it is determined that defendant was incompetent at the time of the original trial, the conviction is reversed and a new trial is granted.