PEOPLE v HALE

1. Judges—Disqualification—Actual Prejudice.

    Absent a showing of actual prejudice or bias from the record, a trial judge has the right to hear a case to its conclusion.

2. Criminal Law—Evidence—Polygraph Examinations—New Trial—Remand—Rehearings.

    The results of polygraph examinations or references to them are inadmissible, and where it is not clear from the record below whether a trial judge considered polygraph test results in denying a motion for a new trial, but his awareness of such results at sentencing suggests he might have, the only realistic alternative is to remand the case for a new hearing on the motion for a new trial before a different trial judge.

Appeal from Jackson, Gordon W. Britten, J. Submitted April 12, 1976, at Lansing. (Docket No. 21251.) Decided December 2, 1976.

Leonard Hale was convicted of conspiracy to burn a dwelling house. Defendant appeals. Remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, *Robert E. Biewend,* Chief Assistant Prosecutor and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

*Leonard Esquina, Jr.,* Assistant State Appellate Defender, for defendant.

References for Points in Headnotes

[1] 46 Am Jur 2d, Judges, §§ 220, 221.

[2] 29 Am Jur 2d, Evidence § 831.

    Physiological or psychological truth and deception tests. 23 ALR2d 1306.

Before: R. M. MAHER, P. J., and M. F. CAVANAGH and BEASLEY, JJ.

M. F. CAVANAGH, J. Defendant was convicted May 16, 1974, of conspiracy to burn a dwelling house, MCLA 750.72; MSA 28.267, and MCLA 750.157a; MSA 28.354(1), after a four-day jury trial. Defendant was sentenced on June 5, 1974, to a prison term of 1-1/2 to 20 years. Defendant appeals his conviction as of right under GCR 1963, 806.1.

Defendants Leonard Hale, Verlin Thomas, and Herman Handshoe were charged by information with the crime of conspiring to burn the defendant's mobile home. At the preliminary examination, charges against Verlin Thomas were dismissed for lack of evidence. Later, the trial court granted a motion to quash the information against Herman Handshoe for lack of sufficient admissible evidence to connect him with the conspiracy. Upon conviction, defendant took an appeal to this Court, which remanded the case to the circuit court for an evidentiary hearing on a motion for a new trial.

Pursuant to this Court's remand, the defendant brought a motion for a new trial before trial court Judge Gordon Britten on the basis of recanting testimony from Judi Minder, the prosecution's principal trial witness. Defense counsel first brought a motion for bond pending appeal before Judge Britten. At the bond motion, Judge Britten asked defense counsel whether counsel was aware that Mrs. Minder had taken a polygraph examination before the trial. Defense counsel answered negatively, but the prosecution offered that Mrs. Minder had, indeed, taken such a test and had "passed" it. The defendant then moved to disqualify Judge Britten from hearing the motion for a

new trial on the ground of Judge Britten's prejudicial knowledge of Judi Minder's pre-trial polygraph examination.

Judge Britten refused to hear the disqualification motion, claiming that he had no jurisdiction. Judge James G. Fleming heard and denied the motion because "[n]o factual showing of actual prejudice had been made".

The motion for a new trial was subsequently brought before Judge Britten. Judi Minder gave extensive testimony that denied the substance of her trial testimony, stating that her motive had been to seek revenge upon the defendant because of his infidelity. Judge Britten denied the motion for a new trial, deeming her recanting affidavits and testimony to be contradictory and not credible.

Upon denial of the new trial motion, defendant brought his second appeal, claiming error on several grounds. Our disposition of the case allows us to respond to but one of the defendant's claims of error.

The Michigan courts have held that " * * * absent a showing of actual prejudice or bias from the record, a trial judge has the right to hear a case to its conclusion". *People v Irwin,* 47 Mich App 608, 609; 209 NW2d 718, 719 (1973). The defendant claims that although Judge Britten didn't refer to the polygraph examination of Judi Minder in his decision, the knowledge of the results may have so much prejudiced his decision that he should have been disqualified. We agree.

The courts of this state have consistently held that results of polygraph examinations or reference to them are inadmissible evidence. *People v Frechette,* 380 Mich 64; 155 NW2d 830 (1968), *People v Becker,* 300 Mich 562; 2 NW2d 503

(1942). There have been recent challenges to the rule, *People v Levelston,* 54 Mich App 477; 221 NW2d 235 (1974), *People v Barbara,* (Docket No. 15815, March 23, 1973 [unreported order]), *lv granted,* 391 Mich 761 (1974), but this Court has been careful to exclude usage of polygraph evidence in an ever-widening circle of circumstances. In addition to criminal trials, use of polygraph results has been forbidden with respect to competency hearings, presentence reports, motions for a new trial, sentencing proceedings, and civil and administrative proceedings. *People v Dockery,* 65 Mich App 600; 237 NW2d 575 (1975), *People v Liddell,* 63 Mich App 491; 234 NW2d 669 (1975), *People v Allen,* 49 Mich App 148; 211 NW2d 533 (1973), *People v Sinclair,* 21 Mich App 255; 175 NW2d 893 (1970).

In *People v Allen,* 49 Mich App 148; 211 NW2d 533 (1973), at the sentencing hearing, the trial judge referred to the successful polygraph examination of the prosecution's principal witness and challenged the defendant to submit to a polygraph examination. The defendant refused. Before a subsequent motion for a new trial, the defendant moved to disqualify the trial judge because of his knowledge of the polygraph results. The trial judge denied both motions. This Court, in reliance on *People v Sinclair, supra,* stated:

"In defendant's case here it is not clear from the record below whether the trial court considered the polygraph test results in denying the motions for a new trial, but his awareness of them from the sentencing certainly suggests he might have. We must, therefore, remand this case for a rehearing of defendant's motion for a new trial before a different trial judge. We believe that *Sinclair, supra,* provides us with no other realistic alternative." 49 Mich App 151; 211 NW2d 535.

We cannot say that Judge Britten's knowledge of Judi Minder's polygraph results was not prejudicial. At the hearing on the motion for a new trial, Judi Minder, whose testimony formed the critical elements of the prosecution's case, recanted all of her trial testimony that incriminated the defendant. Her credibility was the sole issue. At the motion for bond, Judge Britten affirmatively sought the polygraph information, which was clearly unrelated to the issues on the bond motion. Moreover, Judge Britten has previously indicated his belief in the trustworthiness of polygraph examinations. See *People v Bovee,* 60 Mich App 727, 728; 231 NW2d 529 (1975). While the trial judge did not refer to Mrs. Minder's polygraph results at the subsequent hearing on the motion for a new trial or in his opinion denying that motion, *People v Towns,* 69 Mich App 475; 245 NW2d 97 (1976), indicates that even judicial disclaimers of being influenced by polygraph information are nullified by *People v Allen:*

"While there is nothing in the record to clearly indicate that the defendant's sentence was based on the trial judge's belief in Elmore's [the prosecution's principal witness] polygraph results, we cannot help but wonder what effect the judge's knowledge of the test results had on defendant's sentence." 49 Mich App 152; 211 NW2d 536, quoted in *People v Towns,* 69 Mich App 478; 245 NW2d 99.

Remanded for a new hearing on the motion for a new trial before a different trial judge. This Court retains jurisdiction.

BEASLEY, J., concurs in the result.