PEOPLE v VOKES

Docket No. 71506. Submitted January 18, 1984, at Detroit.—Decided April 17, 1984.

Daniel Vokes was convicted, on his pleas of guilty, of attempted unarmed robbery and unlawfully driving away a motor vehicle, Oakland Circuit Court, Gene Schnelz, J. Prior to the preliminary examination, the defendant was referred to the Forensic Center for an examination of his competency to stand trial. The defendant's competency was never determined in a hearing. Subsequently, the defendant moved to withdraw his pleas and filed an amended motion for a new trial or, in the alternative, an evidentiary hearing to determine his competency to plead guilty. The defendant was again referred to the Forensic Center for an evaluation of his competency. Thereafter, a hearing was held in the trial court. The court, Gene Schnelz, J., issued a *nunc pro tunc* order finding that the defendant was competent when he pled guilty. The court also denied the defendant's motions to withdraw his pleas and a for a new trial. The defendant appealed by leave granted. *Held:*

Failure to hold a timely competency hearing does not ipso facto entitle a defendant to a new trial. A remand for a *nunc pro tunc* competency hearing may be a proper remedy. The defendant's due process rights were not violated. The trial court did not err in determining that the defendant was competent when he entered his pleas of guilty. The defendant failed to establish his claim of ineffective assistance of counsel.

Affirmed.

CRIMINAL LAW — COMPETENCY.

Failure to follow a statute or court rule respecting determination of competency to stand trial does not ipso facto entitle a defendant to a new trial; evidence substantiating incompetency in fact must establish that there was a violation of rights before a new trial will be ordered.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCE FOR POINTS IN HEADNOTE
21Am Jur 2d, Criminal Law § 95 *et seq.*

*Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*Hertz & Schram, P.C.* (by *Gary M. Saretsky),* for defendant on appeal.

Before: SHEPHERD, P.J., and WAHLS and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant was charged in separate informations with unarmed robbery, MCL 750.530; MSA 28.798, and unlawfully driving away a motor vehicle, MCL 750.413; MSA 28.645. He pled guilty on May 15, 1981, to attempted unarmed robbery, MCL 750.92; MSA 28.287, and unlawfully driving away a motor vehicle. Defendant was sentenced to concurrent terms of three to five years imprisonment and he appeals by leave granted.

Prior to the preliminary examination, defendant was referred to the Forensic Center for an examination of his competency to stand trial. Although a report was submitted on December 16, 1980, the district court did not hold a competency hearing or make a determination of competency. On December 30, 1980, the district court accepted defendant's waiver of the preliminary examination and bound defendant over for trial. The trial court also failed to hold a competency hearing or make a determination of competency prior to the plea proceeding on May 15, 1981. See MCL 330.2030; MSA 14.800(1030); GCR 1963, 786.

On August 31, 1982, defendant filed a motion to withdraw his plea and an amended motion for a new trial or, in the alternative, for an evidentiary

---

* Circuit judge, sitting on the Court of Appeals by assignment.

hearing to determine his competency to plead guilty. Defendant was again referred to the Forensic Center for an evaluation of his competency as of May 15, 1981. A report was submitted and a hearing was held on March 28 and April 11, 1983. Following the hearing, the trial court issued a *nunc pro tunc* order finding that defendant was competent to plead guilty on May 15, 1981. Defendant's motion to withdraw the pleas and amended motion for a new trial were denied on May 29, 1983.

Failure to hold a timely competency hearing does not ipso facto entitle a defendant to a new trial. A remand for a *nunc pro tunc* competency hearing may be a proper remedy. Evidence substantiating incompetency-in-fact must establish that there was a violation of rights before a new trial will be ordered. See *People v Lucas,* 393 Mich 522, 528; 227 NW2d 763 (1975). We find that defendant's due process rights were not violated by the *nunc pro tunc* competency order in this case. Having reviewed the record of the evidentiary hearing, we further find that the trial court did not err in determining that defendant was competent to enter the pleas on May 15, 1981. While Dr. Imasa found it impossible to determine whether defendant was competent or incompetent on the date in question, Dr. Clark was able to conclude that defendant was competent on May 15, 1981. Dr. Clark's conclusion was based on his December 14, 1982, interview with defendant and his review of defendant's psychiatric records, including the records of treatment during the months immediately preceding the guilty pleas. Dr. Clark found it significant that defendant was able to fully recall and comprehend the plea proceeding, the events leading up to it and his own role in those events.

We conclude that the trial court did not err in ruling that defendant was competent at the time the pleas were entered.

Finally, we have reviewed the record and find that defendant has failed to establish his claim of ineffective assistance of counsel. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976).

Affirmed.